IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MARY GILKERSON,

    Plaintiff,

v.                             Civil Action No. 2:04-00957

NATIONWIDE MUTUAL INSURANCE
COMPANY, a corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court are a number of motions related to the settlement of this action (Docket Nos. 32, 34, 35). For the reasons discussed below, the court hereby **ORDERS**:

(1) Defendant's motion to enforce the settlement agreement is hereby **GRANTED**. Plaintiff is hereby **ORDERED** to instruct her counsel not to disclose, in contrast to use, the terms of the agreement she reached with defendants.

(2) Defendant's motion for award of attorney's fees (see July 14, 2005, Motion at 6) related to the enforcement of the settlement agreement is **DENIED**.

(3) Plaintiff's motion for the award of attorney's fees related to the enforcement of the settlement agreement (Docket No. 32) is also **DENIED**.

(4) Defendant's motion to seal plaintiff's response (Docket No. 33) is hereby **GRANTED**. Because this document reveals information that plaintiff and defendant agreed to hold confidential, the Clerk is hereby **DIRECTED** to place plaintiff's response (Docket No. 32) under seal pending further order of the court.

(5) Defendant's motion for fees and costs related to its motion to seal is hereby **DENIED WITHOUT PREJUDICE**. Defendant is hereby given permission to renew their motion in conjunction with submission of evidence of the fees and costs it incurred regarding exclusively its motion to seal.

### A. Factual Background

In August 2004, plaintiff filed a civil action against defendant raising a number of claims regarding an insurance policy. (See Docket No. 1.) The parties engaged in settlement negotiations, and eventually executed a confidentiality agreement which included a provision that provided that

> Mary Gilkerson and Nationwide Mutual Insurance Company direct their counsel to execute and agree to be bound by the terms and conditions of the Confidentiality Agreement.

(See Def.'s July 14, 2005 Motion, Ex. C at 3.) The agreement provides that plaintiff "and her attorneys . . . agree" that they

2

>    will not discuss or disclose the terms and
>    conditions of this Confidentiality Agreement,
>    to include, but not limited to:
>
>    (a)  That this Release of All Claims and
>         Confidentiality Agreement was made;
>
>    (b)  The amount of any settlement
>         offered by Nationwide Mutual
>         Insurance Company to any party to
>         the litigation;
>
>    (c)  The exact or partial amount of the
>         settlement;
>
>    (d)  The amount or nature of any
>         proceeds or money which will be
>         paid in the future to Mary
>         Gilkerson;
>
>    (e)  The fact that a monetary settlement
>         has been reached;
>
>    (f)  The nature of the allegations made;
>         and
>
>    (g)  The underlying facts that made the
>         basis of these allegations or
>         claims.

(Id.)

Defendant indicates that even though she signed an agreement containing these provisions, plaintiff has refused to direct her counsel to be bound by them as she is entitled to do by Rule 1.6 of the West Virginia Rules of Professional Conduct. Defendant avers that counsel for the parties have been unable to resolve plaintiff's unwillingness to do this. Defendant requests that the court now require plaintiff to direct her counsel not to disclose information covered by the agreement. Further,

3

defendant has requested fees and costs related to this motion. (See id. at 6.)

In response, plaintiff counters that the clause limiting her counsel's right to practice law is unethical. (See Pl.'s Resp. at 2) (citing ABA Formal Op. 00-417). As such, plaintiff contends that defendant has violated their settlement agreement through insisting on this provision. Plaintiff then proceeds to discuss the facts of the underlying case, including other material terms of the settlement agreement.[1] (See id.) Further, plaintiff argues that defendant cannot unilaterally condition the settlement on terms that were never negotiated by the parties. (Id. at 5.) Plaintiff argues that the confidentiality clause should not be enforced because it is ancillary to the main agreement, and also that it is in violation of the Model Rules of Professional Responsibility. (Id. at 6-7.)

In their reply, defendant avers that the settlement agreement in this case violates no ethical rules. (Def. Reply at 2.) Defendant states that the confidentiality provisions of the agreement were enforceable and that plaintiff signed the agreement, thus replacing any previous oral commitment between

---

[1] Defendant has moved to seal this information as plaintiff provided it in violation of provisions included in their settlement agreement. The court hereby grants defendant's motion to seal plaintiff's response (Docket No. 32), and directs defendant to provide evidence to the court as to their fees and expenses related exclusively to their motion to seal.

4

the parties. (Id. at 3.) As such, defendant argues that the settlement agreement should be enforced and plaintiff should be directed to order her counsel not to disclose information about this case.

### B. Standard of Review

The district court has "the inherent authority to enforce a settlement agreement and to enter judgment based on an agreement without a plenary hearing." Petty v. Timken Corp., 849 F.2d 130, 132 (4th Cir. 1988). "Unless the resulting settlement is substantially unfair, judicial economy commands that a party be held to the terms of a voluntary agreement." Id. at 132-33.

In deciding whether to enforce a settlement agreement, the court must consider several factors. See Stone v. CSX Transp., Inc., 10 F. Supp. 2d 602, 606 (S.D. W. Va. 1998). These include: (1) the need for finality; (2) the promotion of settlement and compromise agreements; (3) the fairness to the party not seeking enforcement; (4) the prejudice to the party seeking enforcement; and (5) any other factor that affects fairness or public policy. Id. (discussing Petty, 849 F.2d at 132-33; Sanders v. Roosevelt Mem'l Gardens, Inc., 152 W. Va. 91, 105-06, 159 S.E.2d 784, 792-93 (W. Va. 1968).

### C. Analysis

Although the parties in this agreement originally orally agreed to a settlement, plaintiff signed an agreement providing

5

that she and her counsel would not disclose terms and conditions of the agreement existing between them. (See Pl.'s Mot. at 3.) Plaintiff now contends that she should be relieved from portions of this agreement because they impinge on her counsel's ability to practice law, and as such, violate the ethical norms to which lawyers must adhere. (Id.)

As authority for this proposition, counsel for plaintiff cites American Bar Association Formal Opinion 00-417 (2000), United States v. Centex-Simpson Constr. Co., 34 F. Supp. 2d 397, 399 (N.D. W. Va. 1999), and Rule 5(b) of the West Virginia Rules of Professional Conduct. Upon review, none of these authorities render the settlement agreement between these parties unenforceable.

In the American Bar Association Formal Opinion 00-417, it was determined that settlement agreements prohibiting lawyers from using, as opposed to disclosing, information gained during the course of representing a particular client were unethical because they would constitute an indirect restriction on the lawyer's ability to practice. The agreement here prohibits disclosure, not use.

Under Rule 1.6 of the West Virginia Rules of Professional Conduct, lawyers are prohibited from revealing information unless their client consents. In signing the agreement in dispute here, plaintiff has stated that she does not consent to her counsel

6

sharing information about her case to third parties. By virtue of the information contained in plaintiff's response to this motion, plaintiff has already breached this agreement, a breach which this court will attempt to remedy by sealing this document.

The logic of ABA Formal Opinion 00-417 is not violated because the settlement agreement does not prohibit plaintiff's counsel from using any information he acquired during the course of this information. The agreement does not require plaintiff's counsel to purge his memory of this litigation before he represents some other client against defendant. He is just not allowed to express information about plaintiff's case to third parties. This does not constitute a restriction on his right to practice in violation of Rule 5.6(b) of the West Virginia Rules of Professional Conduct; as Rule 1.6 of these Rules indicates, if plaintiff directs her counsel not to reveal particular information, he cannot do so.

Further, the time to raise objections similar to those plaintiff's counsel has here is before his client signs a formal agreement. In Centex-Simpson Construction Company, the settlement was oral and agreed to in open court. See 34 F. Supp. 2d 397. In that case, the court held that a settlement agreement agreed to in open court need not be reduced to writing, and as such, later-drafted confidentiality provisions could not be enforced. Id. at 402-03. Centex is distinguishable from this

7

case on at least two grounds: first, there is no written contract in Centex; second, the settlement there was agreed to in open court. See id. Centex does not compel the result plaintiff seeks.

From its review of the record, applicable case law, and material related to professional ethics, the court is compelled to conclude that plaintiff, through refusing to order her counsel to refrain from disclosing information he gained during the course of representing her, is in violation of a settlement agreement she signed. See Waddy v. Riggleman, 606 S.E.2d 222, 233 (W. Va. 2004) (holding that where the terms of a contract are clear and unambiguous, they must be applied).

Given this conclusion, and in part for the reasons already discussed, the court finds that all factors discussed in Stone v. CSX Transportation, Inc., 10 F. Supp. 2d 602, 606 (S.D. W. Va. 1998) favor enforcement of this settlement agreement. The first and second factors, the need for finality and the promotion of settlement and compromise agreements, favor enforcement. Both parties here are trying to end this dispute, they just disagree as to the contents of the agreement between them. The third factor, fairness to the party not seeking enforcement, is in part not applicable because both parties seek enforcement, and in part immaterial, because plaintiff would, in the end, be held to an agreement her counsel had a hand in drafting. (See Pl.'s Mot.,

8

Ex. B.) Regarding the fourth factor, were this agreement not to be enforced, there would be significant prejudice to defendant whose agreement was, in part, conditioned on the confidentiality clause. The court finds no material in the record relevant to the fifth factor.

Having analyzed the appropriateness of settlement under the Stone v. CSX Transportation factors, the court orders defendant's motion for enforcement be granted. In reaching this conclusion, the court finds that none of plaintiff's arguments that the provisions at issue here somehow restrict her counsel's right to practice law are persuasive. Provisions like those plaintiff agreed to in this confidentiality agreement are routine. See ABA Section of Litigation, Ethical Guidelines For Settlement Negotiations § 4.2.6 ("Except where forbidden by law or disciplinary rule, a lawyer may negotiate and be bound by an agreement to keep settlement terms and other information relating to the litigation confidential."); id., *Committee Notes* ("In general, as a condition of settlement, a party may agree not to disclose the settlement terms and certain other information relating to the lawsuit, such as information produced by the opposing party in discovery. As the party's agent, the lawyer will ordinarily be bound by such an agreement."). As such, the court finds that there is no prejudice to plaintiff in compelling enforcement of the agreement. In turn, plaintiff's motion to

9

compel enforcement of the preceding oral agreement must be denied.

Plaintiff is directed to order her counsel to (1) not disclose to any third party the amount of any settlement offered by defendant to her; (2) not disclose to any third party any exact or partial amount of settlement in this case; (3) not disclose to any third party any proceeds or money which may be paid to her; (4) not disclose to any third party whether a monetary settlement has been reached; (5) not disclose to any third party the nature or facts underlying factual background to any of the claims underlying the original suit between the parties.

### D. Conclusion

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 4th day of October, 2005.

ENTER:

David A. Faber
Chief Judge